**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                )
      v.                       ) I.D. No. 1212002650
                                )
DAVID C. DAVIS,          )
                                )
      Defendant.         )

Date Submitted:   June 11, 2020
Date Decided:     June 17, 2020

**ORDER**

Upon consideration of Defendant's Motion for Sentence Review ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.     On March 20, 2014, Defendant pled guilty to Reckless Endangering First Degree and Arson Third Degree.[1]  On March 25, 2014, the State filed a Motion to Declare Defendant an Habitual Offender.[2]  On June 6, 2014, Defendant was declared an habitual offender and was sentenced as follows: for Reckless Endangering First Degree, IN13-05-1673-W, 10 years at Level V; and for Arson Third Degree, PN13-05-1671-W, 1 year at Level V, suspended for 1 year at Level IV (DOC Discretion), suspended after 6 months, for 6 months at supervision Level

---

[1] D.I. 16.
[2] D.I. 18.

III.[3]

2.   On June 11, 2020, Defendant filed the instant Motion, asking the Court to suspend his remaining 6 months at Level V for "Level III House Arrest."[4]   In support of this request, Defendant cites his rehabilitation efforts and the need to support his family.[5]

3.   Superior Court Criminal Rule 35 governs motions for modification of sentence.   "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[6]   The Court will not consider repetitive requests for reduction or modification of sentence.[7]

4.   This is Defendant's sixth request to modify his sentences under Rule 35(b), and therefore, this Motion is barred as repetitive.[8]

5.   In addition, this Motion was filed well beyond 90 days from the imposition of Defendant's sentences, and it is therefore time-barred under Rule

---

[3] D.I. 19, 20.   Probation is concurrent to criminal action number VN10-06-0495-01.

[4] D.I. 64.

[5] *Id.*

[6] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[7] Super. Ct. Crim. R. 35(b).

[8] *See* D.I. 21, 35, 53, 58, 61.

35(b).[9]

6.      Defendant's sentences are appropriate for all the reasons stated at the time of sentencing.   No additional information has been provided to the Court that would warrant a reduction or modification of Defendant's sentences.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Review is **DENIED.**

*Jan R. Jurden*
_____
Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    David C. Davis (SBI# 00164717)
        Annemarie H. Puit, DAG

---

[9] Pursuant to Rule 35(b), the Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217. Here, the Court does not find that Defendant has set forth facts establishing "extraordinary circumstances."   In addition, an application under 11 *Del. C.* § 4217 has not been filed on Defendant's behalf.